**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDWARD TYRONE RIDLEY, | : | PRISONER HABEAS CORPUS |
| GDC # 570139, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA et al., | : | CIVIL ACTION NO. |
| Respondents. | : | 1:15-CV-4139-RWS-JKL |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Edward Tyrone Ridley, submitted a habeas corpus petition, which the Clerk docketed under 28 U.S.C. § 2241. [Doc. 1.] Petitioner also submitted an application for leave to proceed *in forma pauperis* [Doc. 2], which he later updated [Doc. 33]. Petitioner's updated application shows that he currently has no funds available to pay the $5.00 filing fee. [*Id.* at 3.] Accordingly, Petitioner's updated application for leave to proceed *in forma pauperis* [Doc. 33] is **GRANTED**, and his original application [Doc. 2] is **DENIED AS MOOT**.

The case is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition is proper "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief . . . ." 28 U.S.C. foll. § 2254, Rule 4. For the reasons given below, the undersigned recommends that the petition be denied as moot.

I.  Discussion

Petitioner is a sex offender who was released on parole on September 1, 2015. [Doc. 1 at 1, 5; Doc. 1-7 at 4.] Shortly before his release, Petitioner executed his habeas petition in order to challenge the conditions of his parole. [Doc. 1 at 5-13.] However, Petitioner waited until November 24, 2015, to file his petition. Petitioner then filed ten motions asking the Court to grant habeas relief [Docs. 3, 4, 5, 8, 13, 14, 19, 27, 28, 32], four motions to compel [Docs. 6, 18, 25, 30], two motions to appoint counsel [Docs. 7, 22], four motions to issue subpoenas [Docs. 12, 15, 16, 29], two motions for lien [Docs. 20, 23], and one motion for bond [Doc. 24]. Petitioner incorrectly labeled as motions two additional filings in support of his petition. [Docs. 9, 10.] On December 30, 2015, Petitioner was arrested for violating his parole in Douglas County.[1] Petitioner's parole was revoked on February 12, 2016, and he is

---

[1] *See* Douglas Cty. Sheriff's Office Inmates, https://douglas-so-ga.zuercherportal.com/#/inmates (searching "Name" for "Ridley" and "In Custody On" for "12/30/2015") (last visited Mar. 30, 2016).

2

currently confined in the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia.[2]  [Doc. 26 at 1, 4.]

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).  Because Petitioner's parole has been revoked, he is no longer subject to the parole conditions that he challenges in his petition.  The Court cannot give meaningful relief with respect to conditions that are no longer in effect.  Accordingly, Petitioner's motions asking the Court to grant habeas relief, motions to compel, motions to appoint counsel, motions to issue subpoenas, motions for lien, and motion for bond are due to be denied as moot.

If Petitioner wishes to seek § 2241 relief regarding his current confinement in the GDCP, he may do so only in the United States District Court for the Middle District of Georgia, Macon Division.  *See* 28 U.S.C. § 90(b)(2).  "Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical

---

[2] Petitioner incorrectly refers to the name of his institution as Jackson State Prison.  [*See* Doc. 26 at 4.]

custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Because Petitioner challenges only his previous parole conditions in the present case, it is not in the interest of justice to transfer this action to the Middle District of Georgia, Macon Division.

II.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

4

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

III.  Conclusion

Based on the foregoing, **IT IS ORDERED** that Petitioner's updated application for leave to proceed *in forma pauperis* [Doc. 33] is **GRANTED**; and his original application [Doc. 2], motions to compel [Docs. 6, 18, 25, 30], motions to appoint

counsel [Docs. 7, 22], motions to issue subpoenas [Docs. 12, 15, 16, 29], motions for lien [Docs. 20, 23], and motion for bond [Doc. 24] are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that (1) Petitioner's habeas petition [Doc. 1] and his ten motions asking the Court to grant habeas relief [Docs. 3, 4, 5, 8, 13, 14, 19, 27, 28, 32] be **DENIED AS MOOT**, and (2) this action be **DISMISSED**.

The Clerk is **DIRECTED** to (1) terminate Documents 9 and 10, which Petitioner incorrectly labeled as motions, and (2) terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 30th day of March, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)